## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| REAL LEGACY ASSURANCE ) <br> COMPANY, INC., ) <br>     Plaintiff/Counter-Defendant, ) <br> v. ) <br> ) <br> LAMIA AFIF, as EXECUTOR OF THE ) <br> ESTATE OF BILAL AFIF AND ) <br> ASSIGNEE OF BARBARA VOGT, ) <br>     Defendant/Counter-Plaintiff. ) <br> _____) | CIVIL NO. 2005-0070 |

### MEMORANDUM OPINION

Finch, Senior Judge.

THIS MATTER comes before the Court on the Motions for Summary Judgment filed by Plaintiff/Counter-Defendant Real Legacy Assurance Company, Inc. [hereinafter "Real Legacy"] and Defendant/Counter-Plaintiff Lamia Afif, as Executor of the Estate of Bilal Afif and assignee of Barbara Vogt. The question raised by both motions is whether the events that occurred on April 22, 2004 constitute one occurrence or two occurrences as the term "occurrence" is used in an insurance policy issued by Real Legacy to Barbara Vogt.

**I.    Background and Facts – A Parent's Worst Nightmare**

Lamia Afif alleges that she left her 13 month-old baby, Bilal Afif, in Vogt's care. When she asked Vogt where the baby was, Vogt did not know. Lamia Afif searched for the baby, ultimately finding him in the pool. Bilal Afif could not be revived.

Lamia Afif sued Vogt for negligent infliction of emotional distress and Bilal Afif's Estate sued Vogt for wrongful death. Vogt settled with Lamia Afif on her claim for negligent infliction of emotional distress for the maximum sum allowed under the Real Legacy policy per occurrence

of $300,000.  Real Legacy asserts that the policy is exhausted, since the injuries suffered by Lamia Afif and Bilal Afif arose from the same occurrence, Vogt's negligent supervision of Bilal Afif.  Lamia Afif, as executor of Bilal Afif's estate, identifies two occurrences, Vogt's negligent supervision of Bilal Afif causing him to drown and Vogt's failure to search and find Bilal Afif causing Lamia Afif to find her baby unconscious in the pool.

The parties do not dispute the material facts.

**II.     The Real Legacy Policy**

Vogt's homeowners policy limits personal liability coverage to $300,000 for each occurrence.  As used in the policy, "'[o]ccurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results during the policy period, in: a. 'Bodily injury'; or b. 'Property damage.'"   The policy repeats under an attached endorsement: "All 'bodily injury' and 'property damage' resulting from any one accident or from continuous or repeated exposure to substantially the same general harmful conditions shall be considered to be the result of one 'occurrence.'"  The endorsement emphasizes that the "applicable limit of liability is the same regardless of the number of 'insureds', claims made or persons injured."

**III.    Discussion**

In resolving whether the events of April 22, 2004 constituted one or two occurrences, the Court must predict how the Supreme Court of the Virgin Islands would decide this issue.  See Edwards v. Hovensa, LLC, 497 F.3d 355, 362 n.3 (3d Cir. 2007).  The Supreme Court is bound to adopt rules of common law "as generally understood and applied in the United States," when,

2

as with the meaning of "occurrence," no restatement of law or statute is applicable.  1 V.I.C. § 4. Neither party suggests that there is a pertinent restatement of law or statute.  Thus, the Supreme Court, in accord with 1 V.I.C. § 4, would likely adopt the interpretation held most prevalently in the United States.

The general view in the United States is that "to determine whether there is a single or multiple occurrence or accident within the meaning of the policy limits clause of a liability policy one must look to the cause or causes of the accident or occurrence."  Michael P. Sullivan, What Constitutes Single Accident or Occurrence within Liability Policy Limiting Insurer's Liability to a Specified Amount per Accident or Occurrence, 64 A.L.R.4th 668 (1988); see Liberty Mutual Ins. Co. v. Treesdale, 418 F.3d 330, 335 (3d Cir. 2005) (noting that majority of jurisdictions employ the cause theory).  Thus, the Court predicts that the Supreme Court of the Virgin Islands would use a causation analysis in deciding whether the events of April 22, 2004 constituted one or two occurrences.  This also comports with the policy definition of "occurrence."

The Third Circuit explains the cause theory as follows:

> Under the cause theory, "[t]he general rule is that an occurrence is determined by the cause or causes of the resulting injury . . . . Using this analysis, the court asks if there was but one proximate, uninterrupted, and continuing cause which resulted in all of the injuries and damage."

Flemming v. Air Sunshine, Inc., 311 F.3d 282, 295 (3d Cir. 2002) (quoting Appalachian Ins. Co. v. Liberty Mutual Ins. Co., 676 F.2d 56, 61 (3d Cir. 1982)).  "If one cause is interrupted and replaced by another intervening cause, then the chain of causation is broken, resulting in two or more occurrences depending on the number of intervening causes."  American Family Mut. Ins. Co. v. Wilkins, 179 P.3d 1104, 1111 (Kan. 2008).

3

Vogt's failure to search and find Bilal Afif before Lamia Afif found him unconscious in the pool and suffered severe emotional distress constitutes a separate occurrence if it interrupted or replaced Vogt's negligent supervision of Bilal Afif which resulted in his stepping into the pool and drownng.  The Court finds that Vogt's negligent supervision of Bilal Afif was never interrupted.  If Vogt had cautiously watched Bilal Afif, she would have prevented him from stepping into the pool, picked him up from the pool before he drowned, and located him before his mother found him.  Vogt's negligent supervision of Bilal Afif as he stepped into the pool was a single chain of causation resulting in Bilal Afif drowning and his mother finding him unconscious in the pool.  Vogt's failure to search and find Bilal Afif did not interrupt her negligent supervision of Bilal Afif. but was part and parcel of the negligent supervision.  There was but one proximate, uninterrupted, and continuing cause which resulted in all of the injuries and damage – Vogt allowing Bilal Afif to step into the pool unsupervised.

## IV.   Conclusion

The Court predicts that the Supreme Court of the Virgin Islands would employ the cause theory in assessing the number of occurrences as that term is used in Vogt's homeowner's policy.  Applying that theory to the uncontested facts of this case, the Court finds only one occurrence.  Thus, summary judgment is granted in favor of Real Legacy Assurance Company, Inc.

ENTER:

DATE:     December 9, 2008          _____/s/_____
                                     RAYMOND L. FINCH
                                     SENIOR DISTRICT JUDGE